Mr. Chief Justice Shaekey
delivered the opinion of the court.
The only question in this case arises out of the exclusion of the deputy clerk as a witness for the plaintiff. On the part of the defendant a commission had issued to take the deposition of a witness in Georgia on interrogatories filed. The object was to prove by the deputy clerk that the commission had been issued in blank, and that the names of the commissioners had been inserted after the commission was taken from the officer. But the court held that the deputy was not bound to testify.
A commission so issued was held to be bad in the case of Rupert v. Grant, 6 S. & M. 433, and we see no reason why the witness should have been excused from answering the question, as the naming or appointing commissioners is no part of his duty, but it is the duty of the court to make the appointment, if the application be made in term time, or, if it be in vacation, it is the duty of the party applying for the commission to nominate the commissioner. The rule is, that a witness will not be compelled to answer, when by so doing he would subject himself to a criminal prosecution, to a penalty, or to any kind of punishment; or when it would be degrading to his character. It is not seen how any of these consequences were to result from his testifying. If he issued the commission in blank at the request of defendant, it does not subject him to a penalty, if the defendant would not name a commissioner. Perhaps in that case he would not be bound to issue it at all. If he be liable, it must be in a civil suit. If he obeyed the defendant’s instructions, he is of course not liable to him, although he might be liable to the plaintiff. But if by his testimony he destroys the commission, *622 that puts the testimony out of the way of the plaintiff, and he is not damnified, and of course can recover nothing. But a mere civil liability is not sufficient to excuse him; or if it should be so, he could only be excused from answering particular questions, and not from testifying in the cause. Judge of Probate v. Green & Nevitt, 1 How. 146. When a commission is defective from having been issued in blank, and the commissioner’s name is afterwards inserted, the clerk is likely to be the only person by which such fact can be proved; and if he is to be excused from testifying, irreparable injury may often be done without the means of detecting the error. But there is the less ground for excusing the witness, because the commission is said to have issued with the name of one commissioner; it was therefore a good commission, and the clerk was clearly not punishable for a contempt or otherwise, or liable to a civil action. The commission was vitiated by the insertion of two other names after it was issued; or at least the bill of exceptions states that the clerk was offered for the purpose of making such proof, and we think the plaintiff had a right to his testimony.
Judgment reversed, and cause remanded.